OPINION
Appellant, Aaron King, appeals from the judgment by the Geauga County Court of Common Pleas, which classified him as a sexual predator pursuant to R.C. 2950.09.
On April 23, 1999, appellant entered a plea of guilty to two counts of corrupting a minor, in violation of R.C. 2907.04(A). Prior to sentencing appellant, the trial court held a hearing pursuant to R.C. 2950.09(B) to determine whether appellant should be classified as a sexual predator. Neither the state nor appellant called witnesses to testify at the hearing. Instead, the state submitted as evidence the presentence investigation report and the resumé of Sharon M. Krieger, A.R.N.P., the nurse practioner treating appellant. Appellant submitted as evidence a psychiatric evaluation and treatment synopsis prepared by Sharon M. Krieger, A.R.N.P.
The presentence investigation report shows that from September 1993 through June 1996, appellant engaged in sexual activity, which included sexual intercourse and oral sex, with his niece by marriage and her next door neighbor. When the activity began, appellant was thirty years old and the girls were both fourteen years old. The girls reported the activity to the Geauga County Sheriff's Department in the spring of 1998. Appellant's niece reported that appellant would furnish her with alcohol and, as a result, she would become intoxicated and would then engage in sexual activities with appellant. She indicated that at times appellant would physically restrain her in order to engage in sexual activities with her; he was physically abusive towards her; and he would threaten that unless she submitted to sexual activities with him, he would begin to have sex with her younger sister. Appellant's other victim, his niece's next door neighbor, reported that appellant would coerce or manipulate her into submitting to sexual intercourse with him by making flattering remarks about her, threatening her verbally, and buying her alcohol so that she would become intoxicated. She indicated that at times appellant would engage in forcible non-consensual intercourse with her and that she was fearful of appellant's volatile temper and, as a result, never reported the incidents to the authorities.
The synopsis of treatment prepared by Sharon M. Krieger, A.R.N.P., includes the assessment that appellant does not meet the criteria for pedophilia as described in the DSM-IV Diagnostic and Statistical Manual for Psychiatric Disorders. It also includes the opinion that appellant is unlikely to engage in sexual acts with underaged minors in the future or commit any other sexually-oriented offenses. Sharon M. Krieger's resumé indicates that she has no experience treating sexual offenders.
Based upon the evidence submitted at the adjudication hearing, the trial court concluded that clear and convincing evidence supports the determination that appellant is a sexual predator pursuant to R.C.2950.09(C). On June 17, 1999, appellant was adjudicated a sexual predator and sentenced to two years of incarceration for each count of corrupting a minor, to be served consecutively. From this judgment, appellant filed a timely appeal.
Although appellant does not set forth assignments of error as is required by App.R. 16(A)(3), he essentially alleges that the finding that he is a sexual predator is against the manifest weight of the evidence, and that Chapter 2950 of the Revised Code violates his constitutional right to privacy.
R.C. 2950.01(E) defines the term "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus.
In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. In sexual predator adjudications, this review focuses on whether evidence was presented relating to the factors listed in R.C. 2950.09(B)(2), which pertain to the recidivism prong of the sexual predator definition. R.C. 2950.09(B)(2) provides:
 "In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
In determining whether an offender should be classified as a sexual predator, the trial court may use reliable hearsay such as a presentence investigation report or victim impact statements because the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. State v. Cook (1998), 83 Ohio St.3d 404, 425, 700 N.E.2d 570. The trial court is not required to find that a majority of the factors set forth in R.C. 2950.09(B)(2) apply to an offender before it can determine that he is a sexual predator. State v. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported. Furthermore, R.C. 2950.09 does not preclude a trial court from relying on one factor more than another in its determination that an offender qualifies as a sexual predator.State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662 16664, unreported. Although not specifically mandated by the statute, if, after consideration of the relevant factors, the court determines that the defendant should be classified as a sexual predator, it should declare that the defendant "is likely to engage in the future in one or more sexually oriented offenses," the quintessential purpose in labeling an offender a "sexual predator." R.C. 2950.01(E).
The record includes clear and convincing evidence that several of the factors set forth in R.C. 2950.09(B)(2), which were considered by the trial court, apply to appellant. At appellant's adjudication hearing, the trial court specifically found that:
 "[E]ach of the offenses charged and pleaded to is simply a token of a long-term pattern of abuse by the defendant on two young girls, each of which was less than half his age. It is also clear that the defendant used alcohol to inhibit or lessen the girls' inhibitions and diminish their capacity to resist him.
 "Further, it is clear that at least part of his conduct was physically and/or mentally cruel or threatening in that sense, and that it covered a span of at least mid-1993 to mid-1996."
These findings demonstrate that the trial court determined that the following factors listed in R.C. 2950.09(B)(2) were relevant to this case: the offender's age; the age of the victim; the existence of multiple victims; the use of alcohol to impair the victim; the nature of the offender's sexual misconduct and whether it was part of a demonstrated pattern of abuse; and the existence of cruelty or threats of cruelty. Even though this court can ascertain from the transcript of appellant's adjudication hearing that the trial court considered the relevant factors from R.C. 2950.09(B)(2), we would prefer that the trial court include its findings regarding those factors directly in the judgment entry in order to facilitate appellate review.
The presentencing investigation report includes clear and convincing evidence that appellant manipulated two young girls, who were less than half his age, into engaging in sexual activity with him over the span of three years. He furnished them with alcohol to facilitate his offenses and threatened them so they would not disclose the abuse. Based upon a review of the record, we cannot conclude that the trial court erred by classifying appellant as a sexual predator. Appellant's argument that the finding that he is sexual predator is against the manifest weight of the evidence has no merit.
Appellant also argues that Chapter 2950 of the Revised Code violates his constitutional right to privacy. In State v. Williams (2000),88 Ohio St.3d 513, 728 N.E.2d 342, the Supreme Court of Ohio recently held that R.C. Chapter 2950 does not violate the constitutional right to privacy; therefore, appellant's argument has no merit.
For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.
 ________________________________ NADER, J.
FORD, P.J., O'NEILL, J., concur.